UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIX ANTONIO ESPINAL NOVA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3062

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9.) In an order entered on October 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the October 23, 2026, bond hearing on October 30, 2026, (Resp., ECF No. 5; Recording of Oct. 23,

2026, Bond Hearing, filed on Oct. 30, 2026), and Petitioner filed his reply on October 30, 2026, (ECF No. 6).

## II. Relevant Factual Background

Petitioner is a citizen of the Dominican Republic who entered the United States in 2022.[1] (Pet., ECF No. 1, PageID.4; Form I-213, ECF No. 5-1, PageID.46.) On September 22, 2026, Petitioner was arrested by ICE officers in Detroit. (Pet., ECF No. 1, PageID.4; Warrant, ECF No. 5-2, PageID.49.)

On October 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.1.) At the hearing, Petitioner's counsel at the bond hearing asked: "Can we confirm that the burden was on the [Petitioner] today?" (Recording of Oct. 23, 2026, Bond Hearing, at 16:00–16:05, filed on Oct. 30, 2026.) The Immigration Judge responded:

> "Yeah, absolutely. I will note that according to the BIA the burden of proof is on the [Petitioner] to show that they are not a flight risk or danger. I know that sometimes that shifts when district courts issues order [sic] but I don't have that in this case. But counsel I understand that that's obviously going to be an appellate issue for you, so yeah, I'll confirm that."

(*Id.* at 16:05–16:25.) In the Immigration Judge's October 23, 2026 written order denying bond, the Immigration Judge stated: "Flight risk." (Immigration Judge Order, ECF No. 5-4, PageID.52.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina*

[1] Petitioner was paroled into the United States "due to lack of detention capacity." (Resp., ECF No. 5, PageID.35 (citing Form I-213, ECF No. 5-1, PageID.46).) The parties provide no further information regarding the length or conditions of Petitioner's parole and Petitioner does not contend that he remained paroled at the time of his arrest in 2026. As set forth below, Respondents also concede that Petitioner is entitled to a bond hearing under § 1226.

*v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 10, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge